UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX WADE JR. | CIVIL ACTION |
| VERSUS | NO. 19-12515 |
| JANN WYNN et al. | SECTION: "G"(1) |

## ORDER AND REASONS

In this litigation, Plaintiff Alex Wade Jr. ("Plaintiff") brings a pro se and *in forma pauperis* Complaint against the United States Court of Appeals for the Fifth Circuit's deputy clerk, Jann Wynne ("Wynne"), and clerk of court, Lyle Cayce ("Cayce") (collectively, "Defendants").[1] Before the Court is Defendants' "Motion to Dismiss."[2] The instant motion was filed on January 3, 2020 and set for submission on January 29, 2020.[3] Under Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed an opposition to the instant motion and therefore the motion is unopposed. A federal district court may grant an unopposed motion if the motion has merit.[4] Considering the motion, memorandum in support, record, and applicable law, the Court grants Defendants' motion to dismiss.

## I. Background

On September 9, 2019, Plaintiff filed a pro se and *in forma pauperis* complaint against

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 10.

[3] *Id.*; Rec. Doc. 10-2.

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

1

Defendants in this Court.[5] According to the Complaint, on December 10, 2018, Plaintiff filed a motion in the Fifth Circuit seeking permission to file a successive habeas petition pursuant to 28 U.S.C. §§ 2244 and 2254.[6] That motion (the "2244 Motion") specifically requested the Fifth Circuit's authorization to file a successive habeas petition in the United States District Court for the Southern District of Texas.[7] On December 13, 2018, Defendant Wynne received Plaintiff's 2244 Motion in the Fifth Circuit.[8]

On December 17, 2018, Defendant Wynne sent a letter to Plaintiff, which stated that Plaintiff had 30 days to file "a proper motion for authorization to proceed in the district court and to send the [requested] documentation."[9] Yet Plaintiff appears to allege that he previously sent the proper information to Defendant Wynne on December 10, 2018.[10] Plaintiff appears to allege that Defendants failed to either timely or properly file his 2244 Motion in the Fifth Circuit.[11] For that reason, Plaintiff contends that Defendants denied him "adequate, effective and meaningful access" to the Fifth Circuit and consequently violated his "constitutional rights to due process [of] law."[12] Plaintiff seeks $500,000 in damages and a declaratory judgment that the delay in bringing his 2244 Motion resulted in a denial of his right to access the Fifth Circuit.[13]

---

[5] Rec. Doc. 1.

[6] *Id.* at 5.

[7] *Id.* at 3–4.

[8] *See id.* at 3, 5; *see also In re: Alex Melvin Wade Jr.*, No. 18-20814 (5th Cir. 2019).

[9] Rec. Doc. 1 at 5.

[10] *Id.* at 4–5.

[11] *See id.* at 4.

[12] *Id.* at 5.

[13] *Id.* at 8–9.

On January 3, 2020, Defendants filed the instant motion to dismiss.[14] Plaintiff has not filed an opposition to the instant motion.

## II. Parties' Arguments

Defendants make three principal arguments in support of the instant motion.[15] First, Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff merely mentions a denial of "the right to due process of law to present his actual innocence claim."[16] Defendants contend the "mere allegation of a denial of due process is insufficient to invest jurisdiction."[17]

Furthermore, Defendants contend that Plaintiff's claims are frivolous, and federal courts lack power to entertain such claims purportedly presenting a federal question.[18] Although Plaintiff claims that he was denied "adequate, effective and meaningful access" to the Fifth Circuit, Defendants point out the Fifth Circuit timely considered Plaintiff's 2244 Motion and denied it on the merits because Plaintiff "failed to show that his claims meet the criteria under which [the Fifth Circuit] may authorize the filing of a successive § 2254 application."[19] For these reasons, Defendants contend that Plaintiff was not denied access to the Fifth Circuit.[20] Defendants request the Complaint be dismissed for lack of subject matter jurisdiction or, alternatively, under

---

[14] Rec. Doc. 10.

[15] Rec. Doc. 10-1.

[16] *Id.* at 5.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 5–6.

[20] *Id.* at 6.

28 U.S.C. § 1915 as frivolous or for failure to state a claim.[21]

Second, Defendants argue that the Complaint should be dismissed because the Eastern District of Louisiana is an improper venue.[22] 28 U.S.C. § 2241 states the following: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had." Plaintiff allegedly admits that his conviction was obtained in Harris County, Texas.[23] Therefore, Defendants contend that Harris County, Texas includes "the district court of the district wherein the restraint complained of is had."[24]

Finally, Defendants argue that they are immune from suit pursuant to the judicial immunity doctrine.[25] Regarding Wynne, Defendants contend that her actions described in the Complaint were taken in her official capacity.[26] Next, with respect to Cayce, Defendants contend that all allegations against Cayce are conclusory because Plaintiff merely alleges that Cayce employs Wynne.[27] Accordingly, Defendants conclude that they are immune from suit.[28]

---

[21] *Id.*

[22] *Id.*

[23] *Id.* at 7.

[24] *Id.*

[25] *Id.* at 3.

[26] *Id.*

[27] *Id.*

[28] *Id.*

### III. Legal Standard

*A.*      *Legal Standard for a Rule 12(b)(1) Motion to Dismiss*

A motion to dismiss filed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

must be considered by the court "before any other challenge because the court must find

jurisdiction before determining the validity of a claim."[29] Federal courts are considered courts of

limited jurisdiction and, absent jurisdiction conferred by statute, federal courts lack the power to

adjudicate claims.[30]

The standard of review for a Rule 12(b)(1) motion to dismiss turns on whether the defendant

has made a "facial" or "factual" jurisdictional attack on the Complaint.[31] A defendant makes a

"facial" jurisdictional attack by merely filing a motion under Rule 12(b)(1) challenging the

court's jurisdiction.[32] Under a facial attack, the court is required to assess only the sufficiency of

the allegations contained in the plaintiff's complaint, which are presumed to be true.[33]

On the other hand, a "factual" attack is made by providing affidavits, testimony, and other

evidentiary materials challenging the court's jurisdiction.[34] In ruling, the court may rely upon any

of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts

evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's

---

[29] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted).

[30] *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

[31] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[32] *Id.*

[33] *Id.*

[34] *Id.*

resolution of disputed facts.[35]

## B.    *Legal Standard to Dismiss an In Forma Pauperis Complaint under 28 U.S.C. § 1915*

A federal district court must liberally construe an *in forma pauperis* ("IFP") complaint filed

by a pro se plaintiff.[36] To guard against abuse of the free access provided to courts by the *in forma*

*pauperis* statutes, a district court must screen cases brought under 28 U.S.C. § 1915.[37] Under 28

U.S.C. § 1915(e), which governs IFP filings and complaints, a district court must screen IFP

complaints for claims that are frivolous, fail to state a claim, or seek money from an immune

defendant.[38]

An IFP complaint is "frivolous" under 28 U.S.C. § 1915 when it "lacks an arguable basis

either in law or in fact."[39] An IFP complaint lacks an arguable basis in law when grounded on an

indisputably meritless legal theory—that is, the violation of a legal interest that clearly does not

exist.[40] On the other hand, an IFP complaint lacks an arguable factual basis when the alleged facts

are "clearly baseless," which encompasses fanciful, fantastic, and delusional allegations.[41] 28

U.S.C. § 1915, unlike Federal Rule of Civil Procedure 12(b)(6), provides judges "the unusual

power to pierce the veil of the [IFP] complaint's factual allegations and dismiss those claims

---

[35] *Id.* at 181 n. 2.

[36] *See, e.g.*, *Dickerson v. Hill*, 48 F. App'x 104 (5th Cir. 2002).

[37] *See* 28 U.S.C. § 1915(e)(2)(B); *see also Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) (stating that the district court is vested with broad authority in determining whether dismissal is proper under 28 U.S.C. § 1915).

[38] 28 U.S.C. § 1915(e).

[39] *United States v. Ajaegbu*, 165 F.3d 24 (5th Cir. 1998) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[40] *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).

[41] *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *Neitzke*, 490 U.S. at 327–28.

whose factual contentions are clearly baseless."[42]

An IFP complaint may not be dismissed simply because a federal district court deems the factual allegations to be unlikely, but "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[43] Due to the "superior competence of district courts in handing down particularized judgments," the United States Supreme Court has not provided a more precise definition of factually frivolous claims.[44] The Supreme Court has instead stated: "[W]e are confident that the district courts, who are 'all too familiar' with factually frivolous claims, are in the best position to determine which cases fall into this category."[45]

**IV. Law and Analysis**

**A.     *Whether the Court has Subject Matter Jurisdiction over Plaintiff's claims***

Defendants argue that Plaintiff's "mere allegation of a denial of due process is insufficient to invest [original] jurisdiction."[46] 28 U.S.C. § 1331 provides that a federal district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[47]

Here, in the IFP Complaint, Plaintiff appears to allege that Defendants failed to either timely or properly file his 2244 Motion in the Fifth Circuit.[48] Plaintiff contends that Defendants denied

---

[42] *Neitzke*, 490 U.S. at 327.

[43] *Denton*, 504 U.S. at 33.

[44] *Ajaegbu*, 165 F.3d at 24.

[45] *Id.* (quoting *Denton*, 504 U.S. at 33).

[46] Rec. Doc. 10-1 at 5.

[47] 28 U.S.C. § 1331.

[48] Rec. Doc. 1 at 4.

7

him "adequate, effective and meaningful access" to the Fifth Circuit and consequently violated

his "constitutional rights to due process [of] law."[49] Construing Plaintiff's pro se complaint

liberally, Plaintiff appears to bring an "access to court" claim against Defendants under the Fifth

Amendment of the United States Constitution. Therefore, subject matter jurisdiction is proper

under 28 U.S.C. § 1331, and Defendants' motion to dismiss under Rule 12(b)(1) is denied.[50]

## B.  *Whether the Eastern District of Louisiana is a Proper Venue*

Defendants contend the Complaint should be dismissed for improper venue pursuant to 28

U.S.C. § 2241, which concerns the proper venue for "[w]rits of habeas corpus."[51] Section 2241

requires a habeas petition to be filed in the judicial district where the defendant's complained of

restraint is bore. Plaintiff's conviction and restraint is in Harris County, Texas.[52] For that reason,

---

[49] *Id.* at 5.

[50] Defendants also argue that the Court lacks subject matter jurisdiction because the IFP Complaint's allegations are attenuated and unsubstantial. Rec. Doc. 10-1 at 5. As support, Defendants point to the Fifth Circuit's recent opinion in *Atakapa Indian de Creole Nation v. Louisiana*, No. 19-30032, 2019 WL 6712330 (5th Cir. Dec. 10, 2019).  In that case, a plaintiff considered himself "the God of the Earth Realm" and sued leaders of several countries for issues such as monopolizing "intergalactic foreign trade." *Atakapa Indian de Creole Nation*, 2019 WL 6712330 at *2. The Fifth Circuit rejected the opportunity to "decipher what any of this means." *Id.* Instead, the Fifth Circuit held that the district court lacked subject matter jurisdiction because the purported federal claims were "so attenuated and unsubstantial as to be absolutely devoid of merit." *Id.* (internal citation omitted).

Plaintiff's access-to-court claim in this case is clearly distinguishable from the "exotic" claims in *Atakapa*. Plaintiff appears to allege that Defendants either did not timely or properly file his 2244 Motion in federal court. *Id.* But, as discussed *infra*, Defendants in fact properly docketed Plaintiff's 2244 Motion. Nevertheless, Plaintiff's case appears to fall in the following category: a "federal question [that is] substantial enough to confer jurisdiction but not substantial enough to state a cause of action." *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 343 n.7 (5th Cir. 1977). This Court will therefore not dismiss for lack of subject matter jurisdiction. In *Payne v. Progressive Fin. Servs., Inc.*, the Fifth Circuit maintained that a district court should generally "dismiss for failure to state a claim, and not on jurisdictional grounds" when it appears from the face of the complaint that a federal claim is without merit. *See* 748 F.3d 605, 608 (5th Cir. 2014); *see also Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir. 1985) ("When a defendant's challenge to the [district] court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.'").

[51] Rec. Doc. 10-1 at 6–7.

[52] Rec. Doc. 1; Rec. Doc. 1-1.

Defendants conclude that Harris County, Texas encompasses the appropriate venue under Section 2241.[53]

Yet, the Complaint makes clear that Plaintiff is not seeking habeas relief in this litigation. Plaintiff contends that Defendants denied him "adequate, effective and meaningful access" to the Fifth Circuit.[54] Plaintiff seeks a declaratory judgment that Defendants violated his due process rights and $500,000 in damages.[55] Therefore, the venue provision under Section 2241 is not applicable in this case.

Instead, the general venue statute for civil cases, 28 U.S.C. § 1391, is applicable in this case. Section 1391(b) states that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Alternatively, a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."[56]

Here, Plaintiff alleges that "a substantial part of the events or omissions giving rise to this claim occurred in this judicial district."[57] Plaintiff additionally alleges that "defendant resides in this judicial district."[58] The Court notes that Defendants are federal government employees who work in New Orleans, Louisiana for the United States Court of Appeals for the Fifth Circuit. Accordingly, this judicial district is a proper venue for the IFP complaint.

---

[53] Rec. Doc. 10-1 at 6–7.

[54] Rec. Doc. 1 at 5, 9.

[55] *Id.* at 9.

[56] 28 U.S.C. § 1391(b). Natural persons, such as Defendants, reside in the judicial district in which they are domiciled. *Id.* § 1391(c).

[57] Rec. Doc. 1 at 3.

[58] *Id.*

### C.    *Whether Plaintiff's Complaint is Frivolous under 28 U.S.C. § 1915*

Defendants contend that the IFP complaint should be dismissed under 28 U.S.C. § 1915 because it is frivolous and insufficient to state a cause of action against Defendants.[59] To guard against abuse of the free access provided to courts by the *in forma pauperis* statutes, a district court must screen cases brought under 28 U.S.C. § 1915.[60] Under 28 U.S.C. § 1915(e), which governs IFP filings and complaints, a district court must screen IFP complaints for claims that are frivolous, fail to state a claim, or seek money from an immune defendant.[61]

An IFP complaint is "frivolous" under 28 U.S.C. § 1915 when it "lacks an arguable basis either in law or in fact."[62] An IFP complaint lacks an arguable basis in law when grounded on an indisputably meritless legal theory—that is, the violation of a legal interest that clearly does not exist.[63] Here, the IFP Complaint appears to allege that Defendants failed to either properly or timely file Plaintiff's 2244 Motion and consequently denied him "adequate, effective and meaningful access" to the Fifth Circuit.[64] Under Fifth Circuit precedent, a person's "constitutional right of access to the courts" may be violated when his or her habeas petition is deliberately delayed via late processing.[65] Therefore, Plaintiff relies on a legal interest that exists under Fifth Circuit precedent. Accordingly, Plaintiff's allegations have an arguable basis in law under 28

---

[59] Rec. Doc. 10-1 at 6.

[60] *See* 28 U.S.C. § 1915(e)(2)(B); *see also Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) (stating that the district court is vested with broad authority in determining whether dismissal is proper under 28 U.S.C. § 1915).

[61] 28 U.S.C. § 1915(e).

[62] *Ajaegbu*, 165 F.3d at 24 (quoting *Neitzke*, 490 U.S. at 325).

[63] *Harper*, 174 F.3d at 718.

[64] Rec. Doc. 1 at 5.

[65] *Boyd v. West*, 62 F.3d 397 (5th Cir. 1995).

U.S.C. § 1915.

Yet, as previously mentioned, an IFP complaint may also be dismissed when it lacks an arguable factual basis.[66] An IFP complaint lacks an arguable factual basis when the alleged facts are "clearly baseless."[67] 28 U.S.C. § 1915, unlike Federal Rule of Civil Procedure 12(b)(6), provides judges "the unusual power to pierce the veil of the [IFP] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[68] Although an IFP complaint may not be dismissed simply because a federal district court deems the factual allegations to be unlikely, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[69]

Here, construing the IFP Complaint liberally, Plaintiff appears to allege that he filed his 2244 Motion on December 10, 2018 and received a letter from Defendant Wynne on December 17, 2018—which stated that Plaintiff had 30 days to properly file a correct 2244 Motion in the Fifth Circuit.[70] Yet, according to Plaintiff, he had already properly filed his 2244 Motion on December 10, 2018, and Defendant Wynne was obligated to accept his 2244 Motion as sufficient on December 10, 2018.[71]

Plaintiff's remaining allegations are not straightforward, but he appears to allege that

---

[66] *Neitzke*, 490 U.S. at 325.

[67] *Denton*, 504 U.S. at 32–33; *Neitzke*, 490 U.S. at 327–28.

[68] *Neitzke*, 490 U.S. at 327.

[69] *Denton*, 504 U.S. at 33.

[70] Rec. Doc. 1 at 5.

[71] *Id.* at 4–5.

Defendants failed to either properly or timely file his 2244 Motion in the Fifth Circuit.[72] Both allegations are baseless in light of judicially noticeable facts. Indeed, a brief review of the Plaintiff's case before the Fifth Circuit, *In re: Alex Wade, Jr.*, demonstrates that Plaintiff's factual allegations are fanciful.[73] Plaintiff's 2244 Motion was mailed to the Fifth Circuit Clerk of Court on December 11, 2018.[74] Defendant Wynne received Plaintiff's 2244 Motion on December 13, 2018.[75] Defendant Wynne initially deemed Plaintiff's 2244 Motion insufficient on December 17, 2018 at 8:26 a.m. due to an absent "proposed petition," but she subsequently deemed Plaintiff's 2244 Motion "sufficient" approximately six hours later at 3:06 p.m. (after Plaintiff filed additional exhibits in the record).[76]

A few weeks later, on January 3, 2019, a three-judge panel in the Fifth Circuit considered the merits of Plaintiff's 2244 Motion.[77] The Fifth Circuit noted:

> A prisoner seeking leave to file a second or successive § 2254 application must apply for leave to do so from this court. 28 U.S.C. § 2244(b)(3)(A). An applicant seeking to file a second or successive § 2254 application must make a prima facie showing that either (1) the claim relies upon 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' or (2) the factual predicate for the claim 'could not have been discovered previously through the exercise of due diligence' and that 'the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense.'[78]

---

[72] *Id.*

[73] *See In re: Alex Melvin Wade Jr.*, No. 18-20814 (5th Cir. 2019).

[74] *Id.*

[75] *Id.*

[76] *Id.*

[77] *In re: Alex Melvin Wade Jr.*, No. 18-20814 (5th Cir. Jan. 3, 2019).

[78] *Id.*

Under the test quoted above, the Fifth Circuit denied Plaintiff's 2244 Motion on the merits because he "failed to show that his claims meet the criteria under which [the Fifth Circuit] may authorize the filing of a successive § 2254 application."[79] The Fifth Circuit did *not* mention any filing delay by Defendants.[80] In any event, such judicially noticeable facts demonstrate that Defendants properly docketed Plaintiff's 2244 Motion. Therefore, Plaintiff's IFP Complaint is factually frivolous under 28 U.S.C. § 1915.

Nevertheless, even if this Court were to accept as true the IFP Complaint's allegations, the Court would still dismiss the IFP Complaint under 28 U.S.C. § 1915 for failure to state a claim. Plaintiff alleges that Defendant denied him "adequate, effective and meaningful access" to the Fifth Circuit and consequently violated his "constitutional rights to due process [of] law."[81] Although the Fifth Circuit has recognized a person's constitutional right of access to the courts, no cognizable constitutional claim for denied access exists when "the plaintiff cannot demonstrate that the defendant's actions impeded his ability to pursue his legal rights, at least where those actions have not resulted in significant delay."[82] Put another way, a "delay does not give rise to a cognizable constitutional injury" unless it has prejudiced the plaintiff's ability to fully pursue his claim.[83]

As previously noted, Defendants received Plaintiff's 2244 Motion on December 13, 2018 and filed it on December 17, 2018. A few weeks later, on January 3, 2019, the Fifth Circuit

---

[79] *Id.*

[80] *Id.*

[81] Rec. Doc. 1 at 5.

[82] *Boyd*, 62 F.3d at 397.

[83] *Id.*

considered Plaintiff's 2244 Motion and denied it on the merits because he "failed to show that his claims meet the criteria under which [the Fifth Circuit] may authorize the filing of a successive § 2254 application."[84] Plaintiff's allegations do not demonstrate that Defendants' actions "impeded his ability to pursue his legal rights" in the Fifth Circuit or prejudiced him. Accordingly, Plaintiff has failed to state a claim.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Jane Wynne and Lyle Cayce's "Motion to Dismiss"[85] is **GRANTED** and Plaintiff's claims against all defendants are dismissed with prejudice.[86]

**NEW ORLEANS, LOUISIANA,** this ___14th___ day of May, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[84] *In re: Alex Melvin Wade Jr.*, No. 18-20814 (5th Cir. Jan. 3, 2019).

[85] Rec. Doc. 10.

[86] Plaintiff's IFP Complaint mentions random "class action" plaintiffs and requests indemnification, but there is only one plaintiff in this case. Further, Plaintiff appears to mention a negligence claim under Louisiana law. To the extent he raises additional claims, they are likewise dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915. For the reasons discussed above, Plaintiff does not allege any facts to show that Defendants breached any duty owed to Plaintiff.